IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREAT LAKES REINSURANCE (UK) PLC<br><br>Plaintiffs<br><br>vs.<br><br>JUDITH MALDONADO and RAMÓN ZORRILLA<br><br>Defendants | Case No.: 08-1017 (FAB)<br><br>IN ADMIRALTY: |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC (hereinafter referred to as "the Plaintiff" or "Underwriter"), by and through the undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment respectfully states, alleges and prays as follows:

### I. JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sections 2201-2202, in that a present controversy exists between the parties in which Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the District of Puerto Rico as this cause arises out of a policy of marine insurance delivered by the Plaintiff to the Assureds named therein, the Defendants Judith Maldonado and Ramón Zorrilla.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, section 1333.

## I. THE PARTIES

4. Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of the United Kingdom, Company No. AC001618 with its office and principal place of business located in England, which is engaged in the business of providing insurance coverage for different kinds of risks.

5. Upon information and belief, the Defendants are residents of Puerto Rico, residing within the jurisdiction of this federal district court.

## II. FACTUAL ALLEGATIONS

6. TL Dallas (Special Risks) Ltd. ("TLD") is a marine insurance underwriting agent for various insurers. It also acts a claims manager in relation to the marine insurance policies it issues as underwriting agent. TLD issued, on behalf of Great Lakes, a policy of insurance to Defendants under policy number TLD/5/PPO/200/658/99724.

7. The Defendants completed and submitted an application for insurance as part of the Plaintiff's procedure for considering whether to agree to provide marine insurance coverage.

8. On September 10, 2007, TLD issued a Temporary Cover Note 200/658/99724 with a hull value of $140,000.00 and a premium of $3,225.00.

9. On September 25, 2007, TLD issued Cover Note 200/658/99724 with a hull value of $140,000.00 and a premium of $3,225.00. See **EXHIBIT 1**.

10. Plaintiff agreed to issue its Policy No. 200/658/99724 covering the vessel JOYITA based upon the material information provided by Defendant.

11. A true and correct copy of the policy language forming part of Policy No. 200/658/99724 is attached hereto as **EXHIBIT 2**.

12. The Defendants named herein alleged, under oath, that:

a. The first week of October 2007, the turbo and heat exchanger were removed from the boat for repairs. In doing so, several hoses including the exhaust hoses and other miscellaneous parts were disconnected from the engine.

b. On October 31, 2007, the boat was towed by the Marina Puerto Chico's dinghy to the dry stack area to use the Marina lift to pull from the boat one of the two engines in order to install or replace a new oil pan. After the repair, the engine was re-installed in the boat and it was towed back to the slip by Puerto Chico's employees.

c. On November 7, 2007 the boat is towed again by the Marina Puerto Chico's dinghy to the dry stack area to install the oil pan. With the 2nd engine out of the boat, the bilge is cleaned with a degreaser dried. Defendants were informed by the Marina personnel that the Marina couldn't tow the boat back to the slip that day and that the Marina was going to move it on Thursday morning. Defendants told them that they could not be present and the Marina's response was that they would tow the boat. Defendant's agreed.

d. Neither the mechanic nor Defendants could be present on Thursday or Friday. Defendants and their mechanic agreed to meet at the boat on Saturday to start assembling back

the turbo, heat exchanger, and other parts.

e. Around 9:30 a.m. Saturday, November 10, 2007, Judith Maldonado receives a phone call from the Marina informing Defendants that the vessel sank.

f. That same day arrangements were made with Sea Tow for the rescue.

g. Defendants arrived at the marina around 10:30 a.m. and the boat was found totally under water.

h. Sea Tow lifted the boat and towed it to Villa Marina to avoid further damages and avoid contamination or a fuel spill to the marina. The boat was moved by trailer to JC Boat Park at Carr. 987 Km. 5.7, Bo. Las Cabezas, Las Croabas, Fajardo, PR 00738.

i. The mufflers and water hoses were disconnected from the engines.

j. Defendants believe that the cause of the event was the carelessness by the marina employees who failed to reconnect 120v line to the boat on November 8th. Since the vessel was left without shore power, the batteries eventually lost their charge and the water pumps could not operate.

See Sworn Statement of Defendants attached herein as **EXHIBIT 3**.

13. Upon receipt of Defendant's formal claim under Policy No. 200/658/99724, Plaintiff initiated a full investigation into the facts and circumstances surrounding the incident which caused the alleged total loss of the vessel.

14. In the course of investigating the facts and circumstances surrounding the loss of the JOYITA, Plaintiff learned that Defendant had breached the terms and conditions of Policy No. 200/658/99724 and that the loss was excluded by the Policy.

### III. FIRST CAUSE OF ACTION
### BREACH OF WARRANTY IN A MARINE INSURANCE POLICY

15. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 14 as if set forth fully herein.

16. Plaintiff's Policy No. 200/658/99724 reads as follows: "It is **warranted that the scheduled vessel is seaworthy at all times** during the duration of this insuring agreement. **Breach of this warranty will void this insuring agreement from its inception.**" EXHIBIT 2 at sec. 9(b) [emphasis ours].

17. As admitted by Defendants in their Sworn Statement, the vessel was left unattended with the engines' exhaust system disconnected, no shore power and inoperable water pumps. These, among other facts, rendered the vessel unseaworthy.

18. The Defendants' breach of this policy warranty renders it void *ab initio*, and/or entitles Plaintiff to rescind the Policy.

19. Notwithstanding Defendants' breach of the warranty of seaworthiness of the scheduled vessel at all times, the Defendants have made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel named JOYITA insured under the terms of the said Policy.

20. As a result of the aforesaid breach of a Policy warranty, Plaintiff has sustained actual prejudice and seeks this Honorable Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/99724. Until such

time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Honorable Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

21. As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the said Defendants' aforesaid breach of the warranty described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Honorable Court's Declaratory Judgment.

### IV. SECOND CAUSE OF ACTION
### POLICY EXCLUSION (s) TO COVERAGE A

22. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 14 as if set forth fully herein.

23. Plaintiff's Policy No. 200/658/99724 reads as follows:

**Exclusions to Coverage A**

> Unless specifically agreed by us in writing and additional premium charged the following losses and or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:
>
> \*\*\*
>
> (s) Damage and or loss to the scheduled vessel and/or its equipment **caused by the officers, employees, agents, servants or independent contractors of any repair yard or marina.** EXHIBIT 2 at sec. 3 [emphasis ours].

24. The undisputed fact that the vessel's loss was caused by the negligence of the Marina Puerto Chico's officers and/or employees and/or agents and/or servants and/or independent contractors activates the above cited exclusion.

25. The operation of this exclusion bar Defendants from claiming any recovery under the Policy.

26. Notwithstanding the clear exclusionary language that precludes recovery under these circumstances, the Defendants have made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel named JOYITA insured under the terms of the said Policy.

27. As a result of the foregoing, Plaintiff has sustained actual prejudice and seeks this Honorable Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. 200/658/99724. Until such time as Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Honorable Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

28. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a *bona fide*, actual and present dispute exists calling for this Honorable Court's Declaratory Judgment.

**WHEREFORE**, Plaintiff respectfully requests a judgment from this Honorable Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendants as regards to the alleged total loss sustained by the vessel.

(B) Declaring that Plaintiff's Policy No. 200/658/99724 does not afford coverage to the Defendants for the alleged total loss sustained by the vessel.

(C) Declaring that the Defendant's breach of warranties of the Policy voids the insuring agreement from its inception.

(D) Declaring that exclusion (s) to Coverage A excludes any claims for damages to the vessel.

(E) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of January, 2008.

SALDAÑA & CARVAJAL, P.S.C.
166 Ave. de la Constitución
San Juan, PR 00901
Tel. (787) 289-9250
Fax. (787) 289-9253
Email: icarvajal@saldanacarvajal.com

_/s/ Ian P. Carvajal_
Ian P. Carvajal
USDC-PR-212003